(119 App. Div. 277)

### In re SNYDER.

(Supreme Court, Appellate Division, First Department. May 24, 1907.)

ATTORNEY AND CLIENT—PROTECTION AGAINST SETTLEMENT BETWEEN PARTIES.

Where an action is instituted under an agreement that plaintiff's attorneys shall have for their services one-half of any recovery, and that neither plaintiff nor his attorneys shall settle the litigation without the consent of the other, but, notwithstanding the refusal of his attorneys thereto, plaintiff settled the case, and the action is discontinued on an order therefor made by the court, and the amount for which settlement is made is paid into court, plaintiff is entitled to have half of such amount paid him; any remedy of his attorneys for the settlement against their refusal to consent thereto being by action for breach of contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 407–417.]

Appeal from Special Term, New York County.

Application of Henry B. Snyder for payment of moneys reposited to the credit of said Snyder in an action by him against the De Forest Wireless Telegraph Company and others. From an order directing a reference to determine the value of the services rendered by attorneys for the petitioner, he appeals. Reversed, and money directed to be divided.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-LAUGHLIN, CLARKE, and LAMBERT, JJ.

George P. Breckenridge, for appellant.

Roger Foster, for respondents.

INGRAHAM, J. The petitioner retained James A. Allen and Roger Foster to commence an action against the De Forest Wireless Telegraph Company. Such retainer provided that Foster and Allen should recover for their services one-third of the proceeds of said litigation, and that they should make no other charge for their services, and no charge should be made except in case of success, or from the sale of certain stock specified in the agreement to any of the parties mentioned within six months after the termination of the litigation. The petitioner deposited 9,000 shares of such stock with Foster to secure the faithful performance of his agreement. It was also provided that neither party to the agreement should settle the litigation without the consent of each of the other parties. This agreement was subsequently modified by fixing the compensation of Foster and Allen at one-half of the recovery, instead of one-third. The second agreement was made on the 8th of May, 1906. Subsequently the client desired to settle his controversy with this company for the sum of $7,500, but his attorneys seem to have objected to a settlement in which their fees would be less than $15,000. Whereupon, notwithstanding the refusal of the attorneys, the plaintiff settled the controversy and agreed to discontinue the action on payment of $7,500. A motion was then made to formally discontinue this action instituted by Foster and Allen for the plaintiff upon payment of $7,500 into court. That motion was granted by an order entered the 1st of March, 1907, the action discontinued, and the sum of $7,500 paid into court. Subsequently the client made a motion to be paid one-half of this $7,500, but this motion was opposed by his attorneys; they claiming that they had performed professional services of the value of more than $15,000 and made $336.25 disbursements. The attorneys submitted an affidavit, which contains a statement of the services that they rendered. The petitioner moving to obtain one-half of the amount for which this settlement was made, the court, instead of determining that order one way or the other, appointed a referee to take proof of the reasonable value of the services rendered by Foster and Allen under this contract.

Under the contract the attorneys were entitled to one-half the recovery. The recovery is the amount for which the litigation has been settled, and that amount of settlement stands in place of the causes of action upon which the attorneys have a lien under their contract. Upon the face of the papers, therefore, the petitioner is entitled to one half and the attorneys to the other half of the amount realized upon the settlement. There could be no question about this, were it not for the fact that the client specially agreed not to settle the litigation without the consent of the attorneys, and he has apparently broken that agreement by the settlement made. It seems to me that this gives the attorneys a right of action against the client for a breach of contract. The court having ordered the discontinuance of the action on payment

of this money into court, there is nothing left upon which the attorneys have a lien, except the sum of money, which stands in place of the cause of action, and under the agreement the attorneys are entitled to one-half of that amount. Upon this state of facts I do not think the court was justified in instituting an inquiry as to the value of the attorneys' services. The attorneys may have a cause of action against their client for a breach of contract by settling without their consent, and I think they should be left to the enforcement of that cause of action, if they wish to recover more than one-half of the amount realized by the settlement.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the amount in court divided between petitioner and attorneys. All concur.